IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN B. WINEBURGH and RACHEL SILL,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JAXON INTERNATIONAL, LLC and BRADEN RICHTER,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 18-3966 |

**PAPPERT, J.**                               August 21, 2019

### MEMORANDUM

  Justin Wineburgh and Rachel Sill sued Jaxon International, LLC, a furniture company, and its manager Braden Richter for breach of warranty, breach of contract and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. The claims arise from Plaintiffs' purchase of furniture for their Philadelphia apartment.[1] Defendants' Answer asserted two paragraphs of "counterclaims," which the Court dismissed upon Plaintiffs' motion because they failed to articulate a cause of action. (ECF No. 21.) The Court granted Defendants' request for leave to amend, and Defendants asserted three amended counterclaims for breach of contract.[2]

  Plaintiffs move to dismiss the amended counterclaims under Federal Rule of Civil Procedure 12(b)(6). In response, Defendants move for leave to amend a second

---

[1]  The Court summarized the factual allegations of the Complaint in a prior memorandum. *See* (ECF No. 15).

[2]  Defendants attached proposed amended counterclaims to their response to Plaintiffs' motion to dismiss. *See* (Defs.' Resp. Pls.' First Mot. Dismiss Ex. A, ECF No. 20). The amended counterclaims were deemed filed as of the date of the Court's order granting the motion. *See* (ECF No. 21).

1

time. The Court grants the Motion to Dismiss and denies the Motion for Leave to File a Second Amended Counterclaim for the reasons that follow.

I

A

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). While a complaint need not include detailed facts, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether the complaint will survive defendants' motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). The Court should "construe truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 791.

B

Defendants' Amended Counterclaims allege that Jaxon and Sill entered a written contract obligating Jaxon to sell and Sill to purchase forty-one pieces of furniture for $96,868. (Am. Countercl. ¶ 1, ECF No. 22.) Defendants allege Plaintiffs that breached the contract by "unjustifiably demanding that Jaxon remanufacture" certain furniture when it arrived at Jaxon's showroom in Los Angeles from Indonesia, where it was manufactured (Count I), by "demand[ing] that Jaxon repair and/or replace furniture allegedly damaged in transit" to Philadelphia "under threat by plaintiffs of litigation in Philadelphia" (Count II) and by "threaten[ing] Jackson [sic] with a lawsuit in Philadelphia unless it remade" ten chairs (Count III). (*Id.* at ¶¶ 9–15, 16–20, 21–26.) Defendants claim that they incurred $77,000 in damages when they "acceded to plaintiff's unjustified demands." *See* (*id.* at ¶¶ 14, 19, 25).

To state a claim for breach of contract under Pennsylvania law, plaintiffs must allege "there was a contract, the defendant breached it, and plaintiffs suffered damages from the breach." *McShea v. City of Phila.*, 606 Pa. 88, 97 (Pa. 2010) (citing *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. Super. Ct. 2005)). Plaintiffs argue that the counterclaims do not allege a breach of duty; Plaintiffs were contractually bound to purchase furniture for $96,868, and Defendants do not allege that they failed to do so. Defendants appear to concede this point. *See* (Defs.' Resp. Pls.' Second Mot. Dismiss

3

("Defs.' Resp.") 1–2, ECF No. 25). Because the counterclaims do not allege that Plaintiffs breached a contractual duty, the Court grants Plaintiffs' Motion.

II

A

The Court's discretion to deny leave to amend, "circumscribed by Rule 15's directive in favor of amendment, must be 'exercised within the context of liberal pleading rules.'" *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017); *Shifflett v. Korszniak*, 2019 WL 3772104 at *7 (3d Cir. Aug. 12, 2019) ("Federal Rule of Civil Procedure 15(a)(2) states that the Court 'should freely give leave [to amend] when justice so requires.'"). In determining whether leave to amend might reasonably be denied, the Court looks to factors identified by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962). *See Mullin*, 875 F.3d at 149.

"Prejudice to the non-moving party is the touchstone for the denial of an amendment," *id.* at 150 (quoting *Arthur v. Maersk, I*nc., 434 F.3d 196, 204 (3d Cir. 2006)), but denial of leave to amend may also be based on futility, repeated failure to cure deficiencies by amendments previously allowed, and undue delay, bad faith or dilatory motive on the part of the movant. *Id.* at 149 (citing *Foman*, 371 U.S. at 182 and *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)). Amendment is futile if the proposed pleading could not withstand a renewed motion to dismiss. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). "In assessing 'futility,' the district court applies

4

the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

B

Defendants seek leave to recharacterize their contract claims as unjust enrichment claims.[3] *See* (Defs.' Resp. 2–4; Defs.' Resp. Ex. A ¶¶ 9–16, 17–23, 24–29.) To prevail on an unjust enrichment claim, Defendants must establish (1) benefits conferred on Plaintiffs by Defendants, (2) appreciation of such benefits by Plaintiffs and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for Plaintiffs to retain the benefit without payment of value. *Mitchell v. Moore*, 729 A.2d 1200, 1203–04 (Pa. Super. Ct. 1999) (citing *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. Ct. 1995)). The most important factor to be considered is whether the enrichment of the claimant is unjust. *Schenck*, 666 A.2d at 328 (citing *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. Ct. 1993), *aff'd*, 637 A.2d 276 (1994) and *State Farm Mut. Auto. Ins. Co. v. Jim Bowe & Sons, Inc.*, 539 A.2d 391, 393 (Pa. Super. Ct. 1988)).

A cause of action for unjust enrichment arises only when a transaction is not subject to a written or express contract. *Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co.*, 933 A.2d 664, 669 (Pa. Super. Ct. 2007) (citing *Villoresi v. Femminella*, 856 A.2d 78, 84 (Pa. Super. Ct. 2004)). If the transaction is subject to a written or express

---

[3]    The proposed claims are "based on all the same facts alleged in the Amended Counterclaim," with one additional allegation: Plaintiffs "threatened to contact their credit card company and request a chargeback" if Defendants refused to re-manufacture and repair certain furniture. (Defs.' Resp. 2; Defs.' Resp. Ex. A ¶¶ 14, 21, 27.) "A 'chargeback' is the return of a transaction from the [credit card] Issuer to the [credit card] Acquirer, sometimes because the Issuer's customer has a dispute with the Merchant or because the customer does not recognize the transaction." *Sovereign Bank v. BJ's Wholesale Club*, Inc., 533 F.3d 162, 165 n.2 (3d Cir. 2008).

5

contract, the claimant's recovery is limited to the measure provided in the contract. *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) (citing *Murphy v. Haws & Burke*, 344 A.2d 543, 546 (Pa. Super. Ct. 1975)). "An unjust enrichment claim may go forward," however, "when one party performs services wholly outside the scope of the contract." *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 687 (E.D. Pa. 2001), *aff'd*, 53 F. App'x 226 (3d Cir. 2002)

Amendment of Defendants' counterclaims would be futile because their proposed unjust enrichment claims would not survive a renewed motion to dismiss. Defendants' sale of furniture to Plaintiffs was governed by the terms of a written contract between Jaxon and Sill. Defendants themselves allege that the contract encompassed how the furniture would be manufactured; it contained a limited warranty provision governing damaged and defective furniture. *See* (Defs.' Resp. Ex. A ¶¶ 1, 4–8, 20, 25). Defendants' claims thus fall squarely within the scope of the contract, and any recovery Defendants seek is limited to measures provided in the contract.[4] Defendants' Motion for leave to amend is denied accordingly.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[4] Defendants' allegations that Plaintiffs threatened to sue them and request a chargeback from their credit card company if Defendants did not re-manufacture and repair certain furniture do not change this result. Moreover, these allegations are insufficient to state a claim for unjust enrichment on the grounds of duress. *See* Restatement (Third) of Restitution and Unjust Enrichment § 14 (2011) ("The threat or commencement of litigation to enforce a demand is an important example of lawful coercion. . . . [A] transfer induced thereby is not subject to rescission for duress."); *Young v. Pileggi*, 455 A.2d 1228, 1230 (Pa. Super. Ct. 1983); Restatement (Third) of Restitution § 14 ("If payment is made in response to a claim that the payor knows to be excessive . . . a subsequent restitution claim may be met with the assertion that the payor acted voluntarily.").